



Search for Cases by:  Select Search Method...

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff BHILLKKHB58926

**20SL-CC02304 - ISAIAH FORMAN V THE CITY OF WOODSON TERRACE AND/OR (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**                     Sort Date Entries:  ● Descending     Display Options:
Click here to Respond to Selected Documents                           ○ Ascending                     All Entries

---

**05/21/2020**  ☐ **Corporation Served**
Document ID - 20-SMCC-3979; Served To - THE CITY OF WOODSON TERRACE AND/OR THE WOODSON TERRACE PD; Server - REKIC, MUHAREM; Served Date - 18-MAY-20; Served Time - 00:00:00; Service Type - Territory 6; Reason Description - Served; Service Text - LC

**05/20/2020**  ☐ **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
   **Filed By:** BLAKE D HILL
   **On Behalf Of:** THE CITY OF WOODSON TERRACE AND/OR THE WOODSON TERRACE PD

**05/05/2020**  ☐ **Motion for Change of Judge**
Motion for Change of Judge.
   **Filed By:** MARK T. MCCLOSKEY
   **On Behalf Of:** ISAIAH FORMAN

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3979, for THE CITY OF WOODSON TERRACE AND/OR THE WOODSON TERRACE PD. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/23/2020**  ☐ **Filing Info Sheet eFiling**
   **Filed By:** MARK T. MCCLOSKEY

☐ **Pet Filed in Circuit Ct**
PETITION.
   **On Behalf Of:** ISAIAH FORMAN

☐ **Judge Assigned**
DIV 1

---

Case.net Version 5.14.0.17                 Return to Top of Page                 Released 11/25/2019

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| ISAIAH FORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| vs. ) | |
| ) | Division |
| THE CITY OF WOODSON TERRACE ) | |
| and/or THE WOODSON TERRACE ) | |
| POLICE DEPARTMENT, ) | |
| SERVE: ) | JURY TRIAL DEMANDED |
| Mayor Lawrence P. "Butch" Besmer ) | |
| 4323 Woodson Road ) | |
| Woodson Terrace, MO 63134 ) | |
| ) | |
| Defendant. ) | |

### PETITION

COMES NOW Isaiah Forman, and for his Petition against the City of Woodson Terrace and the Woodson Terrace Police Department would state as follows:

### FACTS

1. This Petition arises under 42 U.S.C §1983 together with state common law and statutory claims.

2. This action arises out of events which occurred within St. Louis County, Missouri and within the jurisdiction and venue of this Court.

3. That at all times material hereto, Isaiah Forman was an adult African American individual and a resident of the State of Missouri, County of St. Louis.

4. That at all times relevant hereto, Woodson Terrace was a municipal corporation, which, amongst other things, operated a police department known as The Woodson Terrace Police Department (referred hereto as "Defendant").

1

5. That the City of Woodson Terrace itself and/or by or through the Woodson Terrace Police Department hired and employed David Maas as a police officer, and bestowed upon him the powers, duties, obligations, and capacity to exercise force attendant thereto, and deployed him as a police officer to engage in interactions with the population and citizens of St. Louis County, Missouri.

6. The City of Woodson Terrace and/or the Woodson Terrace Police Department have exclusive management and control of the policies and practices of the Woodson Terrace Police Department regarding the method and manner of officers' use of force. The Defendant is responsible for ensuring that officers perform such use of force pursuant to and in accordance with the United States Constitution, other laws of the United States, the laws of the State of Missouri and are responsible for insuring that the members of the Woodson Terrace Police Department otherwise conduct themselves in a lawful manner in undertaking and performing their duties.

7. Defendant violated the Plaintiff's foregoing rights by its custom and practice of failing to train, instruct, supervise, control and discipline the officers of the Woodson Terrace Police Department for such violations and said customs, practices and usages and caused the deprivation of Plaintiff's rights secured under the United States Constitution, other laws of the United States and the laws of the State of Missouri.

8. That at all relevant times hereto, Defendant acted under color of state law.

9. That on or about April 14, 2019, Defendant's officer David Maas assaulted and battered the person of Isaiah Forman.

10. That at the time of such assault, Isaiah Forman was engaged in no offensive or aggressive behavior and had clearly physically surrendered peaceably to the police.

2

11. That despite such obvious and visible surrender on the part of Isaiah Forman, David Maas approached Isaiah Forman with his weapon drawn and proceeded to repeatedly kick and strike Isaiah about the body, head and chest.

12. That at the time at such assault and battery, Isaiah Forman was not engaged in any aggressive behavior, was not posing any risk of injury or threat to himself, the police officers or others and had, in fact, physically surrendered to the above-referenced officers.

13. That such conduct violated clearly established statutory or constitutional rights which a reasonable person would have known.

14. That Defendant was deliberately indifferent to the rights of citizens and had a propensity to violate the constitutional rights of citizens, use excessive force and display unreasonable behavior with animosity and bias towards minorities including but not limited to African Americans including the Plaintiff.

## Count I

COMES NOW Isaiah Forman, and pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 and for Count I of his Petition against the Defendant City of Woodson Terrace, Missouri, and by and through the City of Woodson Terrace Police Department would state as follows:

15. Plaintiff repeats and realleges the material allegations of paragraphs 1 through 14 hereinabove and incorporates the same herein by reference for all purposes.

16. The City of Woodson Terrace is vested with the authority to establish policies or customs, practices and usages of the Woodson Terrace Police Department through training, supervision, discipline and otherwise controlling the officers of the Woodson Terrace Police Department.

17. There exists within the Woodson Terrace Police Department policies or customs, practices and usages that are so pervasive that they constitute the policies of the department such that they are and were the moving force behind and caused the deprivations of the Plaintiff's constitutional rights as have been set forth herein.

18. The policies, customs, practices and usages that exist are:

(a) The officers of the Woodson Terrace Police Department use excessive force without regard for the need for the use of force or without regard for the legality of its use;

(b) The officers of the Woodson Terrace Police Department conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of citizens;

(c) The officers of the Woodson Terrace Police Department engage in conduct that violates the constitutional rights of citizens with whom they come in contact including, but not limited to arresting, detaining and prosecuting people in violation of the Constitution and laws, both by the acts and means by which they are accomplished;

(d) The officers do not use the least intrusive means of force necessary and the officers, by their words or actions, escalate encounters with citizens creating or causing the need for officers to use force or to use more force than otherwise would have been required; and/or

(e) The officers unlawfully and unreasonably use excessive force without giving subjects an opportunity to comply including situations that could be controlled by the use of other means.

19. On information and belief, Defendant had actual notice of these pervasive customs, practices and usages because, among other things, there was a pattern of prior incidents of the City of Woodson Terrace and Defendant failed to train and supervise their officers and have done nothing to remedy these pervasive customs, practices and usages, and in fact, have turned a "blind eye" to them.

20. Furthermore, the failure to train, discipline or supervise by Defendant City of Woodson Terrace has resulted in members of the Woodson Terrance Police Department using excessive force as a matter of custom in violation of clearly established law. The failure to train, supervise and discipline the department's officers, including David Maas is not objectively reasonable.

21. As a result of Defendant's failure to train, discipline or supervise the officers of the department, including David Maas, Plaintiff Isaiah Forman was deprived of his right to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under 42 U.S.C. § 1983 Plaintiff Isaiah Forman also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

22. Under the totality of circumstances, the use of force by Defendant and its agents against Isaiah Forman was unconstitutional, excessive and not objectively reasonable in violation of 42 U.S.C. §1983 and demonstrated a deliberate and/or reckless indifference to and violation of Isaiah Forman's rights pursuant to the United States Constitution.

23. That any countervailing governmental interest at stake did not warrant the level of force used on Isaiah Forman by Defendant.

Electronically Filed - St Louis County - April 23, 2020 - 03:08 PM

24. That the Defendant hired, retained and continued to engage David Maas when it knew of David Maas' dangerous propensity, history of violence, intentional violations of the civil rights of citizens, perjury and fraud.

25. That the actions of the Defendant were outrageous so as to show clear and deliberate indifference to the rights of Plaintiff Isaiah Forman, shock the conscious of the community and amount to legal malice and therefore subjects such Defendant to punitive or exemplary damages.

26. That as a direct and proximate result of the above and foregoing acts and omissions of the Defendant, Isaiah Forman has suffered the following actual damages:

    a) Pain, suffering, fear, terror and emotional distress as a result of the unconstitutional beating;

    b) Medical bills and expenses for his care, treatment and cure of the injuries sustained as a result of such unconstitutional beating;

    c) The cost of future medical care, treatment and cure; and

    d) Traumatic brain injury and the normal consequences thereof.

WHEREFORE, for the forgoing reasons, Plaintiff Isaiah Forman respectfully prays for judgment in his favor and against Defendant City of Woodson Terrace and/or the Woodson Terrace Police Department in such amount as is fair and reasonable and in excess of the jurisdictional minimums of this Court together with punitive damage in such amount as to be in fact punitive and act as a deterrent to these defendants and others similarly situated from engaging in like conduct in the future and attorneys' fees, interest, and for such other and further relief as this Court may deem just and proper under the circumstances.

Electronically Filed - St Louis County - April 23, 2020 - 03:08 PM

*Respectfully submitted*,

MCCLOSKEY, P.C.

By: */s/Mark T. McCloskey*
Mark T. McCloskey, #36144
Patricia N. McCloskey, #36153
The Niemann Mansion
4472 Lindell Blvd.
St. Louis, Missouri 63108
(314) 721-4000 telephone
(314) 721-3664 facsimile
McCloskeyLaw@aol.com
*Attorneys for Plaintiff*

7



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H MAY | Case Number: 20SL-CC02304 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ISAIAH FORMAN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARK T. MCCLOSKEY<br>THE NIEMAN MANSION<br>4472 LINDELL BLVD<br>ST. LOUIS, MO  63108 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br> THE CITY OF WOODSON TERRACE AND/OR THE WOODSON TERRACE PD | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** THE CITY OF WOODSON TERRACE AND/OR THE WOODSON TERRACE PD
**Alias:**
**4323 WOODSON ROAD**
**MAYOR LAWRENCE P BUTCH BESMER**
**WOODSON TERRACE, MO  63134**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**05-MAY-2020**
Date

_____
Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).
_____          _____
Printed Name of Sheriff or Server                  Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____   _____
                    Date                    Notary Public

| | | |
|---|---|---|
| **Sheriff's Fees, if applicable** | | |
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-3979**     4     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| ISAIAH FORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.  20SL-CC02304 |
| vs. ) | |
| ) | Division  1 |
| THE CITY OF WOODSON TERRACE ) | |
| and/or THE WOODSON TERRACE ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR CHANGE OF JUDGE**

COMES NOW Plaintiff, by and through his undersigned counsel of record, and for his Motion for Change of Judge would state as follows:

1. That on May 5, 2020 the Honorable Brian H. May was assigned to preside over the case.

2. Missouri Rule of Civil Procedure 51.05 provides that a change of judge shall be ordered in any civil action upon a timely filing of a written application therefor by a party.  The application need not allege or prove any cause for such change of judge and need not be verified.

3. Plaintiff respectfully requests that this Court change the judge from the Honorable Brian H. May in compliance with Missouri Rule of Civil Procedure 51.05.

4. Said request is made within 30 days of the designation of the trial judge.

WHEREFORE, Plaintiff respectfully requests this Court enter its Order for Change of Judge from the Honorable Brian H. May and for such other and further relief as this Court deems just and proper under the circumstances.

1

2

*Respectfully submitted,*

MCCLOSKEY, P.C.

BY: <u>*/s/ Mark T. McCloskey*</u>
Mark T. McCloskey, #36144
Patricia N. McCloskey, #36153
The Niemann Mansion
4472 Lindell Blvd.
St. Louis, Missouri 63108
(314) 721-4000 telephone
(314) 721-3664 facsimile
mccloskeylaw@aol.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on **May 5, 2020** electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>*/s/ Mark T. McCloskey*</u>

2

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

**ISAIAH FORMAN,**

       **Plaintiff,**

v.

**THE CITY OF WOODSON TERRACE and/or THE WOODSON TERRACE POLICE DEPARTMENT,**

       **Defendants.**

Cause No: 20SL-CC02304

### ENTRY OF APPEARANCE

Blake D. Hill of Hellmich, Hill & Retter, LLC enters his appearance as counsel for Defendant.

**HELLMICH, HILL & RETTER, LLC**

By: _/s/ Blake D. Hill_
BLAKE D. HILL #58926MO
1049 North Clay Avenue
St. Louis, MO 63122
(314)646-1110 Tel
blake@hellmichhillretter.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed via the Court's electronic filing system and thereby served electronically upon all counsel of record this 20th day of May 2020; further that an original is maintained in accordance with the Rules of the Missouri Supreme Court.

_/s/ Blake D. Hill_

1