IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH  FORMAN,<br><br>        Plaintiff,<br>v.<br><br>THE CITY OF WOODSON TERRACE and/or THE WOODSON TERRACE POLICE DEPARTMENT**,**<br><br>        Defendant. | Cause No.:  4:20-cv-681<br><br>*Removed from the Circuit Court of St. Louis County Division 1,*<br>*Cause No.* 20SL-CC02304<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDU IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS, FOR MORE DEFINITE STATEMENT, AND TO STRIKE**

Defendant City of Woodson Terrace, Missouri offers the following legal support for its motion to dismiss Plaintiff's complaint (aka Petition [ECF 1-1]) for failure to state a claim upon which relief may be granted under Fed. R. Civ. Proc. 12(b)(6), or for more definite statement under Fed. R. Civ. Proc. 12(e) and to strike under Fed. R. Civ. Proc. 12(f).

**I.  Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted**

A police department is not a "juridical entity suable under § 1983."  See *Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 701 (E.D. Mo. 2012) (citing *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004)).  As such, "The City of Woodson Terrace Police Department" lacks the capacity to be sued and must be dismissed.

Additionally, the Plaintiff appears to have interchanged and/or conflated The City of Woodson Terrace with the nonjuridical entity "The City of Woodson Terrace Police Department" [ECF 1-1 ¶4].  Binding precedent is clear, via *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and its progeny, that a municipality may only be responsible for acts for which it is actually responsible, and not upon

1

mere agency theories of *respondeat superior* or vicarious liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986). Therefore, it is necessary that Plaintiff make allegations against a final policymaker for the City.

As the Plaintiff's petition interchanges, conflates and confuses the Woodson Terrace Police Department with the City, it has failed to articulate factual allegations against a final policymaker of the City itself. See *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (police chief is not the final policymaker of a Missouri Fourth Class City).[1] Instead, the Plaintiff has offered mere legal conclusions without support. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). Accordingly, the complaint should be dismissed.

**II. Motion for More Definite Statement (Alternative)**

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Tinder v. Lewis Cty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (internal citation omitted).

That the Plaintiff's complaint continually conflates the City of Woodson Terrace with the non-suable "The City of Woodson Terrace Police Department" renders the complaint vague because it confuses the allegations which the Plaintiff intends to direct toward the final

---

[1] This Court can take judicial notice of the fact that, as published in The Missouri Roster for the Missouri Secretary of State 2019-2020, The City of Woodson Terrace is a City of the Fourth Class: https://www.sos.mo.gov/CMSImages/Publications//2019-2020_MO_Roster.pdf (last visited May 21, 2020).

policymaker of the City.  Such confusion is significant because it blurs the lines demarking jurisdiction and final policymaking authority, the determination of which is necessary to determine any possible liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  The resulting ambiguity renders the Complaint unanswerable and the Defendant therefore seeks the clarity as requested in its motion so that it may appropriately respond.

### III. Motion to Strike Claim for Punitive Damages Against the City

The United States Supreme Court  has clearly held that municipalities are immune from punitive damages under § 1983: "[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981).  It is therefore appropriate under Rule 12(f) that the Plaintiff's allegations and prayer seeking punitive damages in this case be stricken in their entirety, including but not limited to the allegations in paragraph 25 of the complaint and the prayer. [ECF 1-1 at p. 7]; see, e.g., *Riggs v. City of Owensville*, 4:10-CV-793 CAS, 2010 WL 2681384, at *1 (E.D. Mo. July 2, 2010).

    Respectfully Submitted,

    HELLMICH, HILL & RETTER, LLC

    */s/ Blake D. Hill*
    BLAKE D. HILL #58926 MO
    1049 N. Clay Ave
    St. Louis, MO 63122
    (314)646-1110 Tel
    (314)646-1122 Fax
    blake@hellmichhillretter.com
    *Counsel for the City of Woodson Terrace, Missouri*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on May 21, 2020 to all counsel of record.

/s/ *Blake D. Hill*