# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No.: 420-cv-681 |
| THE CITY OF WOODSON TERRACE ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

COMES NOW Isaiah Forman, and for his Amended Complaint against the City of Woodson Terrace would state as follows:

## FACTS

1. This Complaint arises under 42 U.S.C. §1983 together with state common law and statutory claims.

2. This action arises out of events which occurred within St. Louis County, Missouri and within the jurisdiction and venue of this Court.

3. That at all times material hereto, Isaiah Forman was an adult African American individual and a resident of the State of Missouri, County of St. Louis.

4. That at all times relevant hereto, Woodson Terrace was a municipal corporation, which, amongst other things, by and through its mayor and board of aldermen, operated a police department known as The Woodson Terrace Police Department (referred hereto as "Defendant").

5. That the City of Woodson Terrace by and through the Woodson Terrace Police Department hired and employed David Maas as a police officer, and bestowed upon him the powers, duties, obligations, and capacity to exercise force attendant thereto, and deployed him as

1

a police officer to engage in interactions with the population and citizens of St. Louis County, Missouri.

6. The City of Woodson Terrace had exclusive management and control of the policies and practices of the Woodson Terrace Police Department regarding the method and manner of officers' use of force. The Defendant is responsible for ensuring that officers perform such use of force pursuant to and in accordance with the United States Constitution, other laws of the United States, the laws of the State of Missouri and are responsible for insuring that the members of the Woodson Terrace Police Department otherwise conduct themselves in a lawful manner in undertaking and performing their duties.

7. Defendant violated the Plaintiff's foregoing rights by establishing customs and practices which demonstrated deliberate indifference to the rights of the Plaintiff and by, despite knowledge of his prior unconstitutional actions, failing to train, instruct, supervise, control and discipline officer David Maas, which caused the deprivation of Plaintiff's rights secured under the United States Constitution, the laws of the United States and the laws of the State of Missouri.

8. That at all relevant times hereto, Defendant acted under color of state law.

9. That on or about April 14, 2019, Defendant's officer David Maas assaulted and battered the person of Isaiah Forman.

10. That at the time of such assault, Isaiah Forman was engaged in no offensive or aggressive behavior and had clearly physically surrendered peaceably to the police.

11. That despite such obvious and visible surrender on the part of Isaiah Forman, David Maas approached Isaiah Forman with his weapon drawn and proceeded to repeatedly kick and strike Isaiah about the body, head and chest.

12. That at the time of such assault and battery, Isaiah Forman was not engaged in any aggressive behavior, was not posing any risk of injury or threat to himself, the police officers or others and had, in fact, physically surrendered to the above-referenced officers.

13. That such conduct violated clearly established statutory or constitutional rights which a reasonable person would have known.

14. That Defendant's policies and procedures demonstrated deliberate indifference to the rights of citizens and had a propensity to violate the constitutional rights of citizens, encourage the use of excessive force and display unreasonable behavior with animosity and bias towards minorities including but not limited to African Americans including the Plaintiff.

### **Count I**

COMES NOW Isaiah Forman, and pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 and for Count I of his Petition against the Defendant City of Woodson Terrace, Missouri would state as follows:

15. Plaintiff repeats and realleges the material allegations of paragraphs 1 through 14 hereinabove and incorporates the same herein by reference for all purposes.

16. The City of Woodson Terrace is vested with the authority to establish policies or customs, practices and usages of the Woodson Terrace Police Department through training, supervision, discipline and otherwise controlling the officers of the Woodson Terrace Police Department.

17. There exists within the Woodson Terrace Police Department unconstitutional policies or customs, practices and usages that are so pervasive that they constitute the moving force behind and caused the deprivations of the Plaintiff's constitutional rights as have been set forth herein.

18. The policies, customs, practices and usages expressly permit or encourage:

    (a) The officers of the Woodson Terrace Police Department to use excessive force without regard for the need for the use of force or without regard for the legality of its use;

    (b) The officers of the Woodson Terrace Police Department to conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of citizens;

    (c) The officers of the Woodson Terrace Police Department to engage in conduct that violates the constitutional rights of citizens with whom they come in contact including, but not limited to arresting, detaining and prosecuting people in violation of the Constitution and laws, both by the acts and means by which they are accomplished;

    (d) The officers of the Woodson Terrace Police Department to not use the least intrusive means of force necessary to require the officers, by their words or actions, to de-escalate encounters with citizens, creating or causing the need for officers to use force or to use more force than otherwise would have been required; and/or

    (e) The officers to unlawfully and unreasonably use excessive force without giving subjects an opportunity to comply including situations that could be controlled by the use of other means.

19. On information and belief, Defendant had actual notice of these pervasive customs, practices and usages because, among other things, there was a pattern of prior incidents of the City of Woodson Terrace and Defendant failed to train and supervise their officers and have done nothing to remedy these pervasive customs, practices and usages, and in fact, have

4

turned a "blind eye" to them, demonstrating deliberate indifference to such constitutional violations .

20. Furthermore, Defendant City of Woodson Terrace had actual notice of a pattern of unconstitutional acts committed by officer Maas committed prior to the time of his assault upon the Plaintiff and none-the-less hired him and exposed the public to his unconstitutional actions in deliberate indifference to the harm caused thereby.

21. Despite its knowledge of officer Maas' history of unconstitutional actions, Woodson Terrace failed to train, supervise or control Maas' behavior, in deliberate indifference to the rights of the Plaintiff.

22. As a result of Defendant's deliberate indifference to his constitutional rights, as evidenced by its policies, procedures and failure to train, discipline or supervise David Maas, Plaintiff Isaiah Forman was deprived of his right to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States, and under 42 U.S.C. § 1983, Plaintiff Isaiah Forman also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

23. Under the totality of circumstances, the use of force by Defendant and its agents against Isaiah Forman was unconstitutional, excessive and not objectively reasonable in violation of 42 U.S.C. §1983 and demonstrated a deliberate and/or reckless indifference to and violation of Isaiah Forman's rights pursuant to the United States Constitution.

24. That any countervailing governmental interest at stake did not warrant the level of force used on Isaiah Forman by Defendant.

25. That the actions of the Defendant were outrageous so as to show clear and deliberate indifference to the rights of Plaintiff Isaiah Forman, shock the conscious of the community and amount to legal malice and therefore subjects such Defendant to punitive or exemplary damages.

26. That as a direct and proximate result of the foregoing acts and omissions of the Defendant, Isaiah Forman has suffered the following actual damages:

    a) Pain, suffering, fear, terror and emotional distress as a result of the unconstitutional beating;

    b) Medical bills and expenses for his care, treatment and cure of the injuries sustained as a result of such unconstitutional beating;

    c) The cost of future medical care, treatment and cure; and

    d) Traumatic brain injury and the normal consequences thereof.

WHEREFORE, for the forgoing reasons, Plaintiff Isaiah Forman respectfully prays for judgment in his favor and against Defendant City of Woodson Terrace in such amount as is fair and reasonable and in excess of the jurisdictional minimums of this Court together with punitive damage in such amount as to be in fact punitive and act as a deterrent to these Defendants and others similarly situated from engaging in like conduct in the future together with attorneys' fees, costs of Court, interest, and for such other and further relief as this Court may deem just and proper under the circumstances.

        *Respectfully submitted*,

        M<small>C</small>C<small>LOSKEY</small>, P.C.

By: */s/Mark T. McCloskey*
   Mark T. McCloskey, #36144
   Patricia N. McCloskey, #36153
   The Niemann Mansion
   4472 Lindell Blvd.
   St. Louis, Missouri 63108
   (314) 721-4000 telephone
   (314) 721-3664 facsimile
   McCloskeyLaw@aol.com
   *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that the foregoing was filed on **August 17, 2020** electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

        */s/ Mark T. McCloskey*