**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ISAIAH FORMAN,<br><br>      Plaintiff,<br>v.<br><br>THE CITY OF WOODSON TERRACE,<br><br>      Defendant. | Cause No.: 4:20-cv-681-MTS<br><br>*Removed from the Circuit Court of St. Louis County Division 1, Cause No.* 20SL-CC02304<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 at 678). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citations omitted). Indeed, the Court must not give effect to conclusory allegations of law. *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).

1

The Plaintiff's Amended Complaint [ECF 12] (hereinafter sometimes "Complaint"), replete with unsupported conclusions, does not meet this threshold.

### I. Any and All Punitive or Exemplary Damages Claims Fail

In the Amended Complaint, the Plaintiff alleges that the "actions of the Defendant were so outrageous so as to show clear and deliberate indifference to the rights of Plaintiff Isaiah Forman, shock the conscious of the community and amount to legal malice and therefore subjects such Defendant to punitive or exemplary damages." [ECF 12 ¶ 25]. It has long been held that such damages are simply unavailable at law under 42 USC § 1983 or, for that matter, state law. Any claim for punitive damages in this case must be dismissed with prejudice.

The United States Supreme Court has clearly held that municipalities are immune from punitive damages under § 1983: "[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981). Likewise, punitive damages are not available against a City under Missouri's sovereign immunity statute, and are therefore barred. See §537.600 R.S.Mo. and *Honeywell v. Vill. of Lakeside*, 604 F. Supp. 932, 937 (W.D. Mo. 1985). It is therefore appropriate that all such claims be dismissed with prejudice or stricken under Rule 12(f). See, e.g., *Riggs v. City of Owensville*, 4:10-CV-793 CAS, 2010 WL 2681384, at *1 (E.D. Mo. July 2, 2010).

### II. Any State Law Claims Are Unpled, Barred By Sovereign Immunity

The Complaint, stated in one count under 42 USC § 1983, does not appear to attempt to assert the elements of any state law claims, whether at common law or statute. Yet, paragraph 1 of the Complaint alleges that the action "arises under 42 USC § 1983 ***together with state***

2

*common law and statutory claims*." [ECF 12 ¶ 1](emphasis added).  There are no allegations to support this conclusion.

Had the Plaintiff offered any allegations to support such claims, they would be barred by the application of sovereign immunity as provided by Missouri statute.  See § 537.600 R.S.Mo. and *Bennartz v. City of Columbia*, 300 S.W.3d 251, 257 (Mo. Ct. App. 2009).  This remains true even if the claims included intentional torts such as assault and battery.  See *Aiello v. St. Louis Cmty. Coll. Dist.*, 830 S.W.2d 556, 558 (Mo. Ct. App. 1992) (sovereign immunity applies equally to torts of negligence and intentional torts).  Sovereign immunity is not an affirmative defense; rather its waiver is a threshold element that a Plaintiff must plead and prove.  See *Richardson v. City of St. Louis*, 293 S.W.3d 133, 137 (Mo.App. E.D. 2009).  The Plaintiff has not even attempted to do so here.  Any claims that Plaintiff has purported to bring under state law must be dismissed.

### III. Plaintiff's Lone Claim Under 42 USC § 1983 Fails In All Respects

#### A. Identifying the Plaintiff's Claim

The only claim that the Plaintiff has attempted to articulate in this action arises under 42 USC § 1983. [ECF 12 p. 3].  However, "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred…The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811–12, 127 L. Ed. 2d 114 (1994) (cleaned up).  Therefore, to properly scrutinize the Plaintiff's Complaint first requires identification of the specific constitutional right upon which Plaintiff claims infringement.

Here, the Plaintiff has made a single articulation of such a right, to-wit:  "Plaintiff Isaiah Forman was deprived of his right to be free from excessive force and unlawful and unreasonable

3

seizure in violation of the Fourth and Fourteenth Amendments." [ECF 12 ¶ 22]. "An excessive force claim is governed by the Fourth Amendment's prohibition against unreasonable seizures." *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (cleaned up). Therefore, the Plaintiff's sole count should be viewed and analyzed as attempting to state a §1983 claim under the Fourth Amendment, as applicable to the States through the Fourteenth Amendment. *Camara v. Mun. Court of City & County of San Francisco*, 387 U.S. 523, 528, 87 S. Ct. 1727, 1730, 18 L. Ed. 2d 930 (1967). The Plaintiff has not properly alleged this claim.

### B. Plaintiff Has Failed to Plead Municipal Liability Under §1983

#### 1. Failure of Predicate Claim

As a predicate to municipal liability, "individual liability first must be found on an underlying substantive claim." *Brockinton v. City of Sherwood,* 503 F. 3d 667, 674 (8th Cir. 2007). In this case, the Plaintiff has alleged that on April 14, 2019, he was assaulted and battered by Defendant's officer David Maas; factually, Plaintiff pleads:

> That on or about April 14, 2019, Defendant's officer David Maas assaulted and battered the person of Isaiah Forman.
>
> That at the time of such assault, Isaiah Forman was engaged in no offensive or aggressive behavior and had clearly physically surrendered peaceably to the police.
>
> That despite such obvious and visible surrender on the part of Isaiah Forman, David Maas approached Isaiah Forman with his weapon drawn and proceeded to repeatedly kick and strike Isaiah about the body, head and chest.
>
> That at the time of such assault and battery, Isaiah Forman was not engaged in any aggressive behavior, was not posing any risk of injury or threat to himself, the police officers or others and had, in fact, physically surrendered to the above-referenced officers.

[ECF 12 ¶¶ 9-12].

To establish the necessary predicate violation under § 1983, a Plaintiff must plead and prove a "violation of a right secured by the Constitution and laws of the United States, and must

4

show that the alleged deprivation was committed by a person acting under color of state law." *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997) (citations omitted, emphasis added). Thus, taking for granted for purposes of this motion that an assault and battery occurred, and constituted an unreasonable seizure,[1] the question remains whether on the face of the Complaint such alleged seizure by Maas was undertaken under color of law. An official "acts under color of law when he misuses power possessed by virtue of ... law and made possible only because he was clothed with the authority of ... law." *Ramirez-Peyro v. Holder*, 574 F.3d 893, 900 (8th Cir. 2009) (quoting *United States v. Colbert,* 172 F.3d 594, 596 (8th Cir.1999)).

As to this issue, the Complaint merely states "That at all relevant times hereto, Defendant acted under color of state law." [ECF 12]. In addition to being conclusory, this allegation makes no sense, as the only defendant to this case is the City of Woodson Terrace – not Maas. While the Complaint certainly alleges that Maas drew his weapon, Forman surrendered to "the police," and Maas then assaulted him [ECF 12 ¶¶ 9-12], the Complaint nevertheless lacks any critical factual allegation that establishes the necessary nexus between the alleged assault by Maas and any pretense of law on behalf of the City (as opposed to, for instance, a personal dispute). See generally *Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997). The mere allegation that the Defendant employed Maas as an officer is insufficient. *Id*.

Without allegations that the assault and battery were undertaken under color of law, the Plaintiff has failed to plead a Fourth Amendment violation by Maas. Without an allegation of an underlying constitutional violation by Maas, there can be no municipal liability under 42 USC § 1983. The Complaint must be dismissed.

---

[1] (and even conceding *arguendo* Plaintiff's paragraph 13 (alleging "that such conduct violated clearly established statutory or constitutional rights which a reasonable person would have known") for purposes of this motion)

5

### 2. Failure to Establish Requisite Unconstitutional Policy or Custom

Even if the Court generously grants that the Plaintiff has articulated an underlying constitutional violation against Maas, that alone is insufficient to assign liability to the City. "Under 42 U.S.C. § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of employees." *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir.1999) (citing *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, "a municipality may be held liable for the unconstitutional acts of its officials or employees when those acts implement or execute an unconstitutional municipal policy or custom." *Id*. (citations omitted). Liability only attaches to official policy enacted pursuant to the deliberate actions of a municipal official with final policymaking authority under state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S.Ct. 915, 924 (U.S.Mo.,1988). In other words, a governmental entity cannot be held liable on a theory of *respondeat superior*. *Id. See also Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996).[2] Rather, a Plaintiff must plead and prove an unconstitutional policy or custom as a moving force behind any alleged deprivation of rights. *Id*. See also *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County* 901 F.2d 642, 645 -646 (C.A.8 (Mo.),1990).

Here, the Plaintiff seemingly attempts to assign liability to the City on the bases of (a) the hiring of Maas [ECF 12 ¶¶ 5, 20], (b) failure to train, supervise, control and discipline [ECF 12 ¶¶ 7, 19, 22], and (c) various undefined "express" "policies, customs, practices and usages" [ECF 12 ¶¶ 18(a)-(e). For the reasons that follow, each is insufficient to state a claim.

### a. Plaintiff Has Failed to State a Claim Based on Hiring

To establish actionable deliberate indifference in the hiring David Maas, the burden is on

---

[2] This is the law despite the Plaintiff's effort to delineate the City's "responsibilities" in his conclusory paragraph 6. [ECF 12 at ¶ 6].

the Plaintiff to "show that the hiring decision and the plaintiff's alleged constitutional injury are closely connected-an applicant's background is that causal link." *Morris v. Crawford Cnty.*, 299 F.3d 919, 923 (8th Cir. 2002). Moreover, "'[t]he connection between the background of the particular applicant and the specific constitutional violation alleged must be strong.' The prior complaints in an applicant's background must be nearly identical to the type of officer misconduct that caused the constitutional deprivation allegedly suffered by a plaintiff." *Id*. (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 412, 117 S. Ct. 1382, 1392, 137 L. Ed. 2d 626 (1997)). "[A] finding of culpability simply cannot depend on the mere probability that any officer inadequately screened will inflict any constitutional injury. Rather, it must depend on a finding that *this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 412, 117 S. Ct. 1382, 1392, 137 L. Ed. 2d 626 (1997)).

In this case, the Plaintiff simply *concludes* that the City "had actual notice of a pattern of unconstitutional acts committed by officer Maas committed prior to the time of his assault upon Plaintiff and none-the-less hired him…" [ECF 12 at ¶ 20]. There is no allegation of what "unconstitutional acts" were allegedly previously committed by Maas, and therefore no allegation on the face of the Complaint that can establish that such acts were "nearly identical" to the type of conduct that is alleged to have infringed on the Plaintiff's rights in this case. *Cf. Morris v. Crawford Cnty.*, 299 F.3d at 923. Without such an allegation, there can be no claim on the basis of hiring.

      **b. Plaintiff Has Failed to State a Claim Based on A Failure to Train, Supervise, Discipline and Control**

Consistent with *Monell*, a city may only be held liable under § 1983 for a failure in training and supervision upon proof that (1) such practices are inadequate; (2) the city is

7

deliberately indifferent to the rights of others in adopting those practices such that the failure to train reflects a deliberate or conscious choice by the city; and (3) the alleged deficiency actually caused the plaintiff's constitutional injury. *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996). "It is necessary to show 'that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.'" *Id*. (quoting *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989)). That is, the Plaintiff must demonstrate that the city "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Id*. *Thelma D. By & Through Delores A. v. Bd. of Educ. of City of St. Louis*, 934 F.2d 929, 933 (8th Cir. 1991).

The Plaintiff's allegations with respect to training and supervision suffer the same structural defect that the Plaintiff's efforted hiring claim suffers – it is built on skeletal conclusions that fail to illuminate any constitutionally deficient actions on behalf of the City. For instance, the Plaintiff alleges that "despite its knowledge of officer Maas' history of unconstitutional actions, Woodson Terrace failed to train, supervise or control Maas' behavior…" [ECF 12 ¶ 21]. Again, the Plaintiff only *concludes* that Maas had committed prior unconstitutional violations without articulating what actions Maas had taken to violate the constitution – this is the very definition of an impermissible conclusion of law. *See Stalley v. Catholic Health Initiatives*, 509 F.3d at 521.

Similarly, Plaintiff vaguely alleges "on information and belief" that "there was a pattern of prior incidents of the City of Woodson Terrace and Defendant failed to train and supervise their

8

officers…" [ECF 12 ¶ 19].  However, "information and belief" is not an excuse for lax attention to federal pleading standards:

> [A]llegations 'upon information and belief' may state a claim after *Iqbal*[3] and *Twombly,*[4] [but] a claim must still be based on factual content that makes liability plausible, and not be formulaic recitations of the elements of a cause of action... 'Information and belief' does not mean pure speculation…When a plaintiff sets out allegations on information and belief, he is representing that he has a good-faith reason for believing what he is saying, but acknowledging that his allegations are based on secondhand information that [he] believes to be true…**Conclusory allegations that lack factual support and are based solely on 'information and belief' do not satisfy the federal pleading standards**.

*Stamm v. County of Cheyenne, Nebraska*, 326 F. Supp. 3d 832, 855–56 (D. Neb. 2018) (cleaned up, emphasis added).

Here, the Plaintiff has alleged "a pattern of prior incidents," which remain hopelessly undefined. [ECF 12 at ¶ 19].  There is no information in this paragraph to offer the slightest hint of what such "incidents" were, much less whether they were constitutional violations satisfying the clear threshold for establishing municipal liability under *Monell*.  The Plaintiff has failed in every respect to establish any element of a claim against the City based in inadequate training and supervision (and any variety thereof).

    **c.  Plaintiff Has Failed to State a Claim Based on Any "Express" Policies**

As with the rest of the Plaintiff's Complaint, his effort to identify "express" unconstitutional policies is nothing more than a string of legal conclusions and rote, hollow recitations of claim elements.  That is, Plaintiff once again concludes that the City "established customs and practices which demonstrated deliberate indifference to the rights of the Plaintiff," without articulating any factual support identifying such customs and practices. [ECF 12 at ¶ 7]. Likewise, the Plaintiff simply concludes without support that the City maintained "policies and

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

procedures" that "demonstrated deliberate indifference to the rights of citizens and had a propensity to violate the constitutional rights of citizens, encourage the use of excessive force and display unreasonable behavior with animosity and bias toward minorities…" [ECF 12 at ¶ 14].

Despite the gratuitous inclusion of a racial allegation having no bearing on the actual Fourth Amendment claim asserted in this case,[5] the Plaintiff's allegation of "policies and procedures" are again, hopelessly conclusory.  While paragraph 18 of the Complaint ostensibly purports to compile a laundry list of actions that are "permit[ted] or encourage[d]" by the so-called "express" policies of the City, no such actual policies appear in that paragraph - or anywhere else in the Complaint.  By characterizing the City's policies as "express" in paragraph 18, and further offering conclusory allegations concerning any "countervailing governmental interest" in paragraph 24, Plaintiff expressly attempts to assert a claim that there are, in fact, express – i.e., written or otherwise memorialized – policies in the City of Woodson Terrace that are amenable to construction and scrutiny as possible culprits for the Plaintiff's alleged constitutional violation in this case.  Yet, nowhere in the Complaint's 26 paragraphs can such a policy be found.

The facial validity of an alleged express municipal policy necessarily requires an examination of the policy itself.  See generally *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 390 (8th Cir. 2007) (recognizing the differing analysis required of a facial challenge to a policy as opposed to a facially lawful policy that is unconstitutionally applied). "[I]n order to state a *Monell* claim, 'a plaintiff must identify a governmental policy or custom that caused the plaintiff's injury to recover from a governmental entity under § 1983.'"  *Ernst v. Hinchliff*, 129 F.

---

[5] Again, Plaintiff has only articulated his effort to vindicate his rights to "his right to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments." [ECF 12 ¶ 22].

10

Supp. 3d 695, 733 (D. Minn. 2015), *aff'd,* 652 Fed. Appx. 479 (8th Cir. 2016) (quoting *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007)).  Further, a challenge to an express municipal policy is clearly distinguishable from a claim based on a "custom" under *Monell.  See, e.g.,Marti v. City of Maplewood, Mo.*, 57 F.3d 680, 684 (8th Cir. 1995) (recognizing differing proof in cases asserting unconstitutional policies versus customs); and *Ware v. Jackson County, Mo.*, 150 F.3d 873, 886 (8th Cir. 1998) (recognizing the distinction between asserting municipal liability on "official policy" versus "custom and usage").

The litany of subparts to paragraph 18 are not an attempted historical accounting of a custom, but instead a list of alleged consequences of "express" policies of the City that the Plaintiff has failed to identify anywhere in his Complaint.  Having not efforted to identify the "policies" referenced in paragraphs 14 and 18, the Plaintiff has again failed to state a claim under 42 USC § 1983.  For this and all of the other reasons set forth, *supra*, the Complaint must be dismissed.

> Respectfully Submitted,
>
> HELLMICH, HILL & RETTER, LLC
>
> */s/ Blake D. Hill*
> BLAKE D. HILL #58926 MO
> 1049 N. Clay Ave
> St. Louis, MO 63122
> (314)646-1110 Tel
> (314)646-1122 Fax
> blake@hellmichhillretter.com
> *Counsel for the City of Woodson Terrace, Missouri*

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on August 25th 2020 to all counsel of record.

> */s/ Blake D. Hill*