IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH FORMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )   Cause No.: 4:20-cv-00681-MTS |
| THE CITY OF WOODSON TERRACE | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Plaintiff, by and through his undersigned counsel of record, and for his response to Defendant City of Woodson Terrace's Motion to Dismiss Plaintiff's Amended Complaint would state as follows:

LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 667 (U.S. 2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense. Id. at 679. Where there are well-pleaded factual allegations, a Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. A District Court may accept the allegations contained in the Complaint as true and all reasonable inferences from the Complaint must be drawn in favor of the non-moving party. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004).

## PLAINTIFF HAS ALLEGED SUFFICIENT FACTS TO STATE A CLAIM BASED ON A MUNICIPAL CUSTOM OR POLICY IN THE AMENDED COMPLAINT

"Official policy" in the relatively narrow sense of discreet, discretionary chosen courses of action by "policy makers" is not the only basis for imposing municipal liability. "Custom, or usage," in the exact language of Sec. 1983, may also serve. Spell v. McDaniel, 824 F.2d 1380, 1386 (4th Cir. N.C. 1987) citing Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 690-691 (1978). (Municipal liability applies "when implementation of [a municipality's] official policies or established customs inflicts the constitutional injury.") "Local governments may also be sued for constitutional violations arising out of governmental custom, even if such custom "has not received formal approval through the body's official decision making channels". Robinson v. St. Louis County, 2008 WL 1701170 (Mo. E.D. April 9, 2008) citing Monell v. New York City Dept. of Soc. Servs., *supra.* at 690-691. Inaction or laxness by supervisory personnel can constitute government custom if it is permanent and well-settled. *See* Tilson v. Forest City Police Dep't., 28 F.3d 802, 807 (8th Cir. 1994).

In his Amended Complaint, Plaintiff alleges, amongst other things:

- a)  That Defendant's officer, David Moss, assaulted and battered the person of Isaiah Forman;

- b)  That at such time, he was acting under color of state law;

- c)  That at the time of said assault, Plaintiff was engaged in no offensive or aggressive behavior and had clearly physically surrendered peacefully to the police; and

- d)  That despite such obvious and visible surrender on the part of the Plaintiff, Defendant's officer approached Plaintiff with this weapon drawn and proceeded to repeatedly kick and strike the Plaintiff about the body, head, and chest.

Plaintiff's Amended Complaint further alleges that the policies and procedures of Defendant City of Woodson Terrace "demonstrated deliberate indifference to the rights of citizens and had a propensity to violate the constitutional rights of citizens, encourage the use of excessive force, and display unreasonable behaviors with animosity and bias towards minorities including, but not limited to, African Americans, including the Plaintiff."

Plaintiff's Amended Complaint identifies the "unconstitutional policies or customs, practices and uses" of the Defendant as being "so pervasive that they constitute the moving force behind and caused the deprivations of Plaintiff's constitutional rights" and further identifies such unconstitutional policies, customs and practices expressly permitted or encouraged are as follows:

a) The officers of the Woodson Terrace Police Department to use excessive force without regard for the need for the use of force or without regard for the legality of its use;

b) The officers of the Woodson Terrace Police Department to conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of citizens;

c) The officers of the Woodson Terrace Police Department to engage in conduct that violates the constitutional rights of citizens with whom they come in contact including, but not limited to arresting, detaining and prosecuting people in violation of the Constitution and laws, both by the acts and means by which they are accomplished;

d) The officers of the Woodson Terrace Police Department to not use the least intrusive means of force necessary to require the officers, by their words or actions, to de-escalate encounters with citizens, creating or causing the need for officers to use force or to use more force than otherwise would have been required; and/or

e) The officers to unlawfully and unreasonably use excessive force without giving subjects an opportunity to comply including situations that could be controlled by the use of other means.

Plaintiff further alleges that the City of Woodson Terrace had actual knowledge and notice of such pervasive customs, practices, and usages by virtue of a pattern of prior incidents of such unconstitutional customs, practices and usages and have failed to take action to remedy the same.

Plaintiff further alleges that the Defendant City of Woodson Terrace had actual notice of prior unconstitutional acts committed by Officer Moss and failed to protect the public from him. Plaintiff has, of course, alleged that as a direct and proximate result of the above-referenced unconstitutional acts and omissions on the part of the Defendant, the Plaintiff suffered injuries.

Plaintiff would respectfully suggest that the factual content plead by Plaintiff in his Amended Complaint "allows the Court to draw the reasonable inferences that the Defendant is liable for the misconduct alleged".  Ashcroft v. Iqbal, *supra*. at 678.

Plaintiff would acknowledge that he has not plead any state law claims and would withdraw that allegation.

Additionally, to the extent that Plaintiff has alleged an entitlement to exemplary or punitive damages, while Plaintiff acknowledges the current state of the law denying such recovery to Plaintiff under these circumstances, Plaintiff respectfully advocates for the expansion of Plaintiff's rights of recovery to include punitive or exemplary damages.

WHEREFORE, for the foregoing reasons, Plaintiff would respectfully state that he has adequately plead sufficient factual matters, which, if accepted as true, state a claim for relief; and that Plaintiff respectfully requests that the Court enter its order denying the Defendant City of Woodson Terrace's Motion to Dismiss, or in the alternative, to grant leave to Plaintiff to amend his Complaint.

*Respectfully submitted*,

MCCLOSKEY, P.C.

By: /s/Mark T. McCloskey
Mark T. McCloskey, #36144
Patricia N. McCloskey, #36153
The Niemann Mansion
4472 Lindell Blvd.
St. Louis, Missouri 63108
(314) 721-4000 telephone
(314) 721-3664 facsimile
McCloskeyLaw@aol.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on **September 24, 2020** electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Mark T. McCloskey