IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISAIAH  FORMAN,<br><br>       Plaintiff,<br>v.<br><br>THE CITY OF WOODSON TERRACE,<br><br>       Defendant. | Cause No.:  4:20-cv-681-MTS<br><br>*Removed from the Circuit Court of St. Louis County Division 1,* Cause No. 20SL-CC02304<br><br>**JURY TRIAL DEMANDED** |

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**I.     In Reply to Plaintiff's "Legal Standard" Argument**

The Plaintiff begins his response to the Defendant's motion to dismiss with a purported discussion of the legal standard applicable to such motion.  While the Plaintiff correctly cites to the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and its progeny, his recitation of that standard conspicuously omits the further admonition that courts considering motions to dismiss not rely on conclusory allegations, to-wit:

> Two working principles underlie *Twombly.*[1] First, the tenet that a court must accept a complaint's allegations as true **is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements**. ...Second, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense…**A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.** When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940–41, 173 L. Ed. 2d 868 (2009) (cleaned up, emphasis added).  Thus, the recognition that the Court is expected to draw on its own common

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

1

sense and experience and draw reasonable inferences is not an invitation for the Court to "fill in the gaps" of a Complaint with facts that the Plaintiff has failed to plead.

Furthermore, the Plaintiff cites to *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) for the proposition that a district court must accept all allegations in a Complaint as true and the Plaintiff given the benefit of all reasonable inferences. While that general proposition is true of *factual* allegations and not legal conclusions, it bears noting that *Crumpley-Patterson* offers no further aid to the Plaintiff, as that case ultimately mis-states the current federal pleading standard by relying on the now-abrogated *Conley v. Gibson*, 355 U.S. 41 (1957).[2] The Defendant has correctly stated the federal pleading standard, and the Plaintiff has not satisfied it.

## II.     In Reply to the Remainder of Plaintiff's Argument

Tellingly, the Plaintiff does not defend his use of conclusions or identify supporting facts, but instead points out that his pleading has utilized the "custom or usage" verbiage taken verbatim from 42 USC § 1983. [ECF 20 p.2]. Indeed, the Complaint utilizes variations of that phrase throughout. [ECF 12 at ¶¶16-19]. However, these "threadbare recitals of a cause of action's elements" are entitled to no deference under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937. Plaintiff's fidelity to the verbiage of the statute does not supply the missing facts.

Plaintiff also relies on *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 807 (8th Cir. 1994) for the proposition that "inaction or laxness by supervisory personnel can constitute government custom if it is permanent and well-settled." [ECF 20 p. 2]. Indeed. But Plaintiff has

---

[2] *Conley v. Gibson*, 355 U.S. 41 (1957) was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Indeed, while *Conley* was once cited for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the United States Supreme Court retired that long-questioned and criticized phrase as "an incomplete, negative gloss on an accepted pleading standard" that is best forgotten. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007).

not only failed to allege facts establishing such laxness or inaction (much less facts establishing that it is permanent and well-settled), but Plaintiff also fails to plead facts demonstrating that any such laxness or inaction, even if rising to the level of custom, was the moving force behind his alleged constitutional violation. As *Tilison v. Forrest City Police Dept* specifically recognizes, to be actionable under § 1983, such "custom of laxness or inaction must be the moving force behind the constitutional violation." The Complaint is completely bereft of any such factual allegations, i.e., the Complaint is not "well-pled" and entitled to any deference on its repeated conclusions and elemental recitations.

      The Plaintiff has made no real effort to refute the law set forth in the Defendant's motion to dismiss, only repeating his already-deficient conclusions and threadbare allegations. Indeed, Plaintiff concedes that he failed to plead any state law claims, and offers no support for his professed advocacy for an expansion of the law prohibiting punitive damages against the City. For the remainder of its argument, the City rests on its motion to dismiss and supporting memorandum. [ECF 14, 15].[3] The Complaint should be dismissed.

                                    Respectfully Submitted,

                                      HELLMICH, HILL & RETTER, LLC

                                      */s/ Blake D. Hill*
                                      BLAKE D. HILL #58926 MO
                                      1049 N. Clay Ave
                                      St. Louis, MO 63122
                                      (314)646-1110 Tel
                                      (314)646-1122 Fax
                                      blake@hellmichhillretter.com
                                      *Counsel for the City of Woodson Terrace, Missouri*

---

[3] Plaintiff has fashioned his response to Defendant's motion as also directed to a motion for more definite statement. [ECF 20]. To be clear, the Defendant previously moved for such a statement in the alternative to its motion to dismiss the *prior* iteration of Plaintiff's complaint. [ECF 3, 4]. Defendant no longer seeks such relief in the alternative and, upon the Plaintiff's pleadings as subsequently amended, seeks outright dismissal with prejudice.

**C**ERTIFICATE OF **S**ERVICE

I certify that a true and correct copy of this document was filed with the Court's electronic filing system, with notice of case activity to be generated and sent electronically by the Clerk of said Court on September 24, 2020 to all counsel of record.

<u>/s/ <i>Blake D. Hill</i></u>